Pudge Ukdejiwood
delivered the opinion of the Court.
Itff 1795, John Jameson, jr. executed a deed to Allen, for a parcel of land described by metes and bounds, and stated to be 250 acre,s.- In 1796, John Jameson, sr. the patentee and father of John Jameson, jr. conveyed a parcel of land to Poague, binding on the line of Allen, from one of his corners to another, containing within the boundary-set out in the deed, 300 acres, “more or less.” It is found that the boundary in the deed to Allen, contains 283 1-2 acres, while that in the deed to Poague contains, when laid down by Allen’s directions, only 257 1-2 acres, and 265 acres as laid down by Poague. Allen filed a bill against the heirs of the patentee, to perfect his title, suggesting that the patentee liad never conveyed to his vendor, John Jameson, jr. Pending this proceeding, Poague’s devisee arid widow, filed her bill agaiust Allen and the heirs of Jameson, for the purpose, among other things, of reducing Allen’s quantity to 250 acres,, and enlarging her boundary to 300 acres. The circuit court dismissed her bill and she has appealed.
The circuit court decided correctly' for several reasons:
Twenty years possession 6y vendee, under deed, is bur to bill in equity, to reduce quantity contained withm boundaries of his deed.
Wickliffe and Woolley,- for appellant; Crittenden,.for appellee.
1st. An outstanding bond for 300 acres, choice of Jameson’s 1000- acres is spoken of, but it is not pro-nor is its absence satisfactorily accounted for* The complainant could, therefore, derive no aid from the existence of such a bond. Shfe must rest her cause, then, solely upon her deed of 1796. -
2d. Resting the cause upon the deed of 1796, the-complainant can, by no means, pass the line of Allen, called for and recognized by that deed, nor can she, by any means,enlarge her quantityfor the expression (imore or less” is used, thereby showing that the vendor was not to be responsible, if the boundary did not-contain 300 acres.
3d. If it were conceded that Jameson might maker Allen account for the surplus, still Poague’s devisee has failed to show herself entitled to take the place of Jameson, in respect to it. But even if she had made out that case, there is yet an insuperable barrier in-Allen’s continued possession. The proof is, that he has been actually and continually possessed, more than 20 years before the institution of this suit,, claiming under his deed, and to the full extent of the boundary set out in it.
We perceive no ground for a decree in favor of the complainant, based upon the executory contract of October, 1796, because the complainant has failed to show that there was any land saved from conflicting claims, which could be conveyed to her under that contract, or if- any, she has not specified the quantity or boundary.
The decree of the circuit court is affirmed with costs.